Filed 2/28/22  In re K.M. CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| In re K.M., a Person Coming Under the Juvenile Court Law, | B310694 |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, <br><br> Plaintiff, <br><br> v. <br><br> M.P., <br><br> Defendant and Appellant; <br><br> T.M., <br><br> Defendant and Respondent. | (Los Angeles County Super. Ct. No. CK79117) |

APPEAL from an order of the Superior Court of Los Angeles County, Jean M. Nelson, Judge.  Affirmed.

John L. Dodd, under appointment by the Court of Appeal, for Defendant and Appellant M.P.

No appearance for Defendant and Respondent T.M.

_____

We resolve this case by a memorandum opinion pursuant to California Standards of Judicial Administration, Standard 8.1. Accordingly, we provide very limited factual and procedural background.

The dependency proceedings giving rise to this appeal concern K.M., the daughter of M.P. (Mother) and T.M. (Father). When the juvenile court concluded its jurisdiction over K.M. and ended proceedings, it granted sole legal and physical custody to Father, with monitored visitation for Mother. The order to this effect addresses numerous details regarding Mother's visitation rights, such as the frequency and duration of visits and the selection of a monitor. In the portion of the order addressing "reasons for no or supervised visitation" (capitalization omitted), the court noted that Mother "ha[d] not made substantial progress in the following court-ordered programs": "[i]ndividual counseling" and "[o]ther . . . Mother must complete five . . . random or on demand drug tests and her Marijuana levels must be under 500 ng/ml." At the hearing, the court described these provisions as a "rider" imposing testing and counseling requirements on Mother. Nowhere in the order, and at no point at the hearing, did the court expressly limit or even address the circumstances under which the custody order could be modified.

Mother appeals from this custody order, arguing that the testing and counseling requirements improperly "purport[] to

2

restrict the ability of the family law court to modify the custody order [and] [are] invalid." We disagree and affirm.

In crafting an exit order at the termination of dependency proceedings, a juvenile court may also issue custody and visitation orders (Welf. & Inst. Code, § 362.4, subd. (a)),[1] as well as collateral orders regarding such things as counseling or parenting classes that the juvenile court determines, in its broad discretion, would serve the child's interest. (*In re Chantal S.* (1996) 13 Cal.4th 196, 204; *In re Cole Y.* (2015) 233 Cal.App.4th 1444, 1456 (*Cole Y.*).) The family court enforces such orders following the termination of juvenile court jurisdiction. (See § 362.4, subds. (a) & (b).) But the family court has authority under section 302, subdivision (d) to modify or terminate such juvenile court orders, if "the [family] court finds . . . there has been a significant change of circumstances since the juvenile court issued the order and modification of the order is in the best interests of the child." (§ 302, subd. (d).)

In light of section 302, subdivision (d), a juvenile court does not have authority to limit the family court's ability to modify such an order. (*Cole Y., supra*, 233 Cal.App.4th at p. 1456.) In *Cole Y.*, this court considered a juvenile court order that did just that by expressly conditioning the family court's ability to modify the juvenile court's custody and visitation order on the parent completing counseling. (*Id.* at p. 1451 [juvenile court order on review provided that " 'in order to modify the [juvenile] court's orders, . . . Father will have to complete . . . a full drug program with weekly testing, a parenting program and individual

――――――――――

[1] Unless otherwise indicated, all statutory references are to the Welfare and Institutions Code.

3

counseling' "].)  We reversed the order as an abuse of discretion. (*Id.* at p. 1456.)

Mother acknowledges that, unlike in *Cole Y.*, the custody order in this case does not explicitly condition modification of the order on her fulfilling certain requirements.  She argues, however, that the order "does so impliedly" because the only "significant change" the family court could conclude warranted modification under section 302, subdivision (d) would be Mother fulfilling the requirements in the custody order (i.e., achieving a certain number of clean drug tests and "complet[ing] individual counseling to address how to co-parent").

Mother's characterization of the order is unpersuasive. The order cannot be fairly construed as placing a condition or limitation on the family court's authority to modify it.  Mother remains free to seek a modification of the order based on whatever constitutes "a significant change of circumstances" that is in K.M.'s best interests (§ 302, subd. (d)), including (but not limited to) alleviation of the reasons for the assertion of dependency jurisdiction, perhaps (but not necessarily) through successful drug tests and completion of individual counseling. Thus the family court remains free to modify or terminate the exit order based on its own findings of changed circumstances and the child's best interest.  (See *Heidi S. v. David H.* (2016) 1 Cal.App.5th 1150, 1164.)  Nothing in the order expressly prohibits or limits these paths to modification, nor does anything about the testing and counseling requirements themselves imply that they are the only means of demonstrating the requisite level of change.

**DISPOSITION**

The juvenile court order is affirmed.

NOT TO BE PUBLISHED.


ROTHSCHILD, P. J.

We concur:


CHANEY, J.


BENDIX, J.